## Commonwealth v. Woomer.

*John G. Love*, District Attorney, for Commonwealth.

*E. J. Thompson*, for defendant.

FLEMING, P. J., Jan. 4, 1929.—The defendant has moved the court to quash the proceedings above stated and to discharge the defendant from custody, assigning as reasons therefor the following:

"1. That the information or complaint sworn to by the prosecutrix does not charge a criminal offense.

"2. That the information or complaint sets forth such facts therein as makes it impossible to charge the defendant with a criminal offense, arising out of the circumstances set forth in the said information or complaint."

This motion was made and filed prior to the finding of an indictment by the December Grand Jury and must, therefore, be considered on its merit at this time.

The 88th section of the Act of March 31, 1860, P. L. 382, enacts as follows: "If any person, with intent to procure the miscarriage of any woman, shall unlawfully administer to her any poison, drug or substance whatsoever, or shall unlawfully use any instrument or other means whatsoever with like

intent, such person shall be guilty of felony, and, being thereof convicted, shall be sentenced to pay a fine not exceeding $500, and undergo an imprisonment, by separate and solitary confinement at labor, not exceeding three years."

The prosecutrix in this case is the mother of Edna May Wolfe. It is averred that the said Edna May Wolfe was, on March 17, 1928, pregnant with child; that the defendant came to the home of the prosecutrix for the purpose of visiting the said Edna May Wolfe; that he gave her a certain drug for the purpose of causing an unlawful abortion upon her, stating to her that such drug contained ergot and other drugs and medicines that would cause the child to be removed from her body; and, further, that the defendant importuned, insisted and urged the said Edna May Wolfe to use the said drug for the said unlawful purposes, and that the said Edna May Wolfe complied with such importunings, insistings and urgings and took the said drug, whereupon she became quite ill by so doing.

This information covers all the requirements of the act cited above. As far as the drug is concerned, it is the intent which is the basis of the crime. This intent cannot exist unless the defendant knew or believed that the patient was pregnant, nor could it be inferred from the use of such drug unless the defendant understood or supposed that the use of it would probably produce a miscarriage: 2 Trickett on Pennsylvania Criminal Law, 569. All this is sufficiently covered in the information and the averment of intent meets the requirement of law.

As to the administration of the drug, the law does not require that it must be personally administered by the defendant. The means may be employed by the woman herself under the counsel or command of the defendant. Nor does the statute distinguish between the administration with intent to produce an abortion which succeeds and that which, for whatever cause, does not succeed. See 2 Trickett on Pennsylvania Criminal Law, 571, and cases therein cited.

It is proper, therefore, that the defendant should defend under the first count in the indictment now found.

It will be noted that the 88th section of the Act of March 31, 1860, cited above, is based upon the intent of the accused to procure a miscarriage of the woman. If, under such a count, the jury finds as a fact that no intent existed, the defendant would be entitled to an acquital. The legislature, realizing the dangerous character of such drugs as will produce an unlawful abortion, and seeking to regulate such, enacted the Act of May 12, 1897, P. L. 63, prohibiting the giving of such drugs, regardless of the intent accompanying the same, and making such violation a misdemeanor.

The defendant, in the instant case, therefore, in the event that the jury should not find as a fact that it was his intent to cause the miscarriage of Miss Wolfe by the giving of the alleged drug, could still be convicted of a violation of the Act of May 12, 1897, P. L. 63.

It is proper, therefore, that the defendant should defend under the second count of the indictment as now found.

The Act of May 12, 1897, cited above, further makes the act of representing that such a drug when given will procure an unlawful abortion a misdemeanor. The information avers such facts in the instant case, and it is also proper that the defendant should defend under the third count of the indictment as now found.

And now, Jan. 4, 1929, the motion of the defendant for the quashing of the proceedings and for the discharge of the prisoner is accordingly dismissed.

From S. D. Gettig, Bellefonte, Pa.